BET
F. #2025R00146

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA
                                          <u>STIPULATION AND ORDER</u>

    -against-
                                          No. 25-CR-151 (FB)

COREY MCTAGGART,
                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and

ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.     All material and information disclosed or produced pursuant to Rule 16 of

the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to <u>Brady</u>

<u>v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), to the

defendants, and to the defendants' counsel ("Defense Counsel"), by the government in the above-

captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order

(the "Protective Order").

        2.     Discovery Materials, however designated, and any and all copies, notes,

transcripts, documents and other information and materials derived or prepared from the Discovery

Materials, may be used by the defendants, Defense Counsel and Defense Staff (which is defined

as non-lawyer staff employed by Defense Counsel, as well as expert witnesses, investigators and

interpreters retained by Defense Counsel) only for the purposes of defending against the charges

in the above-captioned case, including but not limited to preparation for trial and any sentencing,

1

appeal, or collateral attack, which was commenced within a year of the exhaustion of such defendants' appellate rights, involving the charges in the above-captioned case.

3. Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or discussed by the defendants, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4. None of the Discovery Materials nor any copies, notes, transcripts, or documents derived from the Discovery Materials, shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

5. If the defendants obtain substitute counsel, such defendants, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government. Once substitute counsel has provided a signed copy to the government, and following Defense Counsel's withdrawal from the above-captioned case, substitute counsel shall assume Defense Counsel's responsibilities under the Protective Order

6. The defendants may review Discovery Materials specifically identified by the government as sensitive discovery material (the "Sensitive Discovery Material"), only in the presence of Defense Counsel or Defense Staff, including during video conferences through screen sharing, assuming the defendant does not screenshot or otherwise copy the Sensitive Discovery

2

Material.  The defendants are prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

7.    The defendants, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

8.    Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government that such materials contain: personally identifying information ("PII") for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order.  If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material.  The defendants shall treat the material as Sensitive Discovery Material pending any determination by the Court.  Defense counsel may petition the Court at any time to challenge the government's designation of material as "Sensitive Discovery Material."

9.    If Defense Counsel chooses to share the Sensitive Discovery Material with the defendants, a witness and/or a witness's counsel, that Sensitive Discovery Material must be

3

shared in the presence of Defense Counsel or Defense Staff, including during video conferences through screen sharing, assuming the defendant does not screenshot or otherwise copy the Sensitive Discovery Material.

10.    Prior to the Sensitive Discovery Materials being disclosed or disseminated to Defense Staff, Defense Staff must be advised of and agree to be bound by the terms of this Stipulation and Order.

11.    Any documents, material, or  information determined to be  Sensitive Discovery Material may be so designated by stamping the legend "SENSITIVE" or on the document or by otherwise indicating to Defense Counsel the appropriate designation of the material or information.  While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains SENSITIVE material.

12.    The defendants and Defense Counsel will destroy or return to the government the Sensitive Discovery Material and all copies thereof, whether in the possession of the defendants, Defense Counsel, Defense Staff or any other signatory to this Protective Order, when such defendants conclude all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of such defendants' appellate rights, involving the charges in the above-captioned case.

4

13.    Nothing in this Protective Order shall preclude the government or the defendants from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

14.    Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

15.    Any violation of this Stipulation and Order (a) will require the immediate return to the Government of the Discovery Material, and (b) may result in contempt of Court.

16.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:     Brooklyn, New York
           _____, 2025

                                              JOSEPH NOCELLA, JR.
                                              United States Attorney
                                              Eastern District of New York


_Kyla Wells_____          By:   _Brooke Theodora_____
Kyla Wells                                Brooke Theodora
Counsel for Corey McTaggart               Assistant United States Attorney


SO ORDERED.


Date: _____June 26__, 2025


/S/ Frederic Block
_____
THE HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

6