

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RMP:BET
F. #2025R00146

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 22, 2026

<u>By E-mail and ECF</u>

The Honorable Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Corey McTaggart
>        <u>Criminal Docket No. 25-151 (FB) (LKE)</u>

Dear Judge Eshkenazi:

The government writes in opposition to the defendant Corey McTaggart's request to amend his bond conditions to allow him to attend a "rescheduled" out-of-state job interview that the Court previously authorized him to attend on May 20, 2026, but that he failed to attend. <u>See</u> ECF No. 40 at 1; <u>see also</u> May 19, 2026 Minute Entry. The government respectfully submits that, given the defendant's ongoing noncompliance with his bond conditions, his request should be denied. Pretrial Services also opposes the defendant's request.

On April 13, 2026, the defendant pleaded guilty before Your Honor to one count of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery. In August 2024, the defendant and at least two unknown coconspirators beat up and robbed a nearly 70-year-old man of over $17,000 in cash, which the man had been carrying to the bank pursuant to his job as a money remitter. The defendant was indicted for this conduct on May 2, 2025. At his May 14, 2025 arraignment, the defendant was ordered detained. <u>See</u> ECF No. 3. On June 27, 2025, the district court granted the defendant's bail application[1] and released him on a $200,000 bond and home detention with location monitoring to reside, as he requested, at his mother's home in Connecticut. <u>See</u> June 27, 2025 Minute Entry.

---

[1]     This was the defendant's third bail application. His first bail application, which was presented to the Honorable Peggy Kuo, U.S. Magistrate Judge, on May 19, 2025, was denied. <u>See</u> ECF No. 8. His second bail application, which was presented to the district court on June 16, 2025, was also denied. <u>See</u> June 16, 2025 Minute Entry.

Since his release, the defendant has engaged in a progressively worsening pattern of bond violations, most of which have stemmed from requests similar to his instant request, i.e., requests to modify his release conditions for out-of-state travel. For example, last month—shortly after the defendant pleaded guilty before Your Honor—the district court granted the defendant's request to modify his bond conditions to permit travel to his girlfriend's residence in New Jersey on April 18 and 19, 2026, purportedly to attend a birthday party and baptism. GPS monitoring later reflected, however, that the defendant never left his girlfriend's residence to attend the baptism, which he now claims was cancelled. Location monitoring also showed that the defendant remained in New Jersey until April 20, 2026, in violation of the Court's order and without any efforts to notify Pretrial Services. See Exhibit 1 (Violation Memorandum dated April 29, 2026).[2] And as recently as last week, the defendant tested positive for marijuana and admitted to "consuming an edible that was provided to him by his sister's boyfriend" in violation of his bond conditions. See Exhibit 2 (Violation Memorandum dated May 22, 2026).

The defendant now requests that the Court authorize him, for a second time, to attend an out-of-state job interview in New York City that he failed to show up for this week despite a court order authorizing him to attend it.[3] The government understands from Pretrial Services that—after reviewing the defendant's location-monitoring data and determining that he never traveled from Connecticut to New York for this interview—Pretrial Services contacted the defendant, who said he did not go to the interview because he did not think the train would get him there on time. The government is seriously concerned that this explanation, much like the defendant's prior justification relating to the purportedly cancelled baptism, underscores the defendant's misuse of the Court's trust in seeking modifications to his release conditions for pretextual reasons designed to evade the restrictions imposed by home detention.

Moreover, the government has serious concerns about the feasibility of this alleged job prospect while the defendant remains on release in another state pending sentencing

---

[2]    Similarly, on December 4 and 5, 2025, the defendant was authorized to travel from Connecticut to New York City for medical appointments, but GPS monitoring reflected that he made numerous additional unauthorized stops at private residences, storefronts, restaurants, and convenience stores unrelated to those appointments. After these violations, the district court admonished the defendant that "similar violations will not be countenanced by the Court." See December 23, 2025 Minute Entry. Despite that admonishment, the defendant has continued to violate the conditions of his release, as described above.

[3]    The district court previously granted the defendant's request to attend this interview—which was scheduled for May 20, 2026—on May 19, 2026. See May 19, 2026 Minute Entry. In connection with this request, defense counsel filed a "consent" motion to modify the defendant's bond conditions to allow him to attend this interview, in which counsel represented that both the government and Pretrial Services had consented to this request. See ECF No. 39. The government seeks to clarify the record that neither the government nor Pretrial Services consented to this request. The government informed counsel via email that it took "no position" on the request. Pretrial Services in Connecticut similarly took no position on the request. Pretrial Services in this District was never consulted. See Exhibit 2 at 1. Counsel later advised the government that she had misinterpreted the government's email.

2

in this matter.  As defense counsel has already represented, the defendant is currently employed at a warehouse in Connecticut, undermining any suggestion that, because of this case, it has been "not easy to find employers willing to interview or hire him" in Connecticut.[4]  ECF No. 40 at 1. Moreover, if employed in New York City, the defendant would likely spend up to 12 to 14 hours each day outside the approved district and away from his approved residence—an arrangement that raises significant concerns in light of his escalating pattern of noncompliance and repeated misuse of prior travel authorizations.

As the defendant has noted, the Court has repeatedly accommodated the defendant's requests for modified release conditions, including multiple requests for out-of-state travel.  But rather than demonstrating that he can be trusted with those privileges, the defendant has responded with a pattern of escalating noncompliance and misuse of the Court's trust.  In light of that history, the government respectfully submits that further modification of the defendant's bond conditions is unwarranted and that the instant request should be denied.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:          /s/

Brooke Theodora
Assistant U.S. Attorney
(718) 254-6342

cc:    Clerk of Court (LKE) (by ECF and e-mail)
Kyla Wells (by ECF and e-mail)
Pretrial Services Officer Mallori Brady (by e-mail)
Probation Officer Alexandra Castillo (by e-mail)

Enclosures

---

[4]    The government understands from Pretrial Services that the defendant has also held another job in Connecticut, but that he quit that job after working there for approximately a week.

3